IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDON ALEXANDER FERNANDEZ,

    Petitioner,                                       No. 2: 11-cv-2760 KJN P

    vs.

MIKE McDONALD, et al.,

    Respondents.                             <u>ORDER</u>

_____/

I. <u>Introduction</u>

        Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both petitioner and respondent consented to the jurisdiction of the undersigned. (Dkt. Nos. 4, 8.)

        This action is proceeding on the original petition filed October 9, 2011, pursuant to the mailbox rule. (Dkt. No. 1 at 39 of 105.) Petitioner challenges his 2005 conviction for second degree murder on grounds that the trial court's imposition of an indeterminate sentence of 15 years to life violated his plea agreement. Petitioner alleges that pursuant to the plea agreement, he was to receive a determinate sentence of 15 years with the possibility to earn 50% conduct credits. Petitioner alleges that the district attorney and his lawyer told him that he would serve 15 years at most, with early possible release after serving 7 ½ years if he behaved himself

1

in prison. Petitioner alleges that his lawyer told him that when the court and plea agreement stated that he was sentenced to 15 years to life, the "life" referred to the time he could possibly be on parole, but that he would serve a maximum of 15 years in prison.

Pending before the court is respondent's January 3, 2012 motion to dismiss on grounds that this action is barred by the statute of limitations. (Dkt. No. 9.) After carefully considering the record, the undersigned grants respondent's motion for the reasons discussed herein.

II. <u>Discussion</u>

*Statute of Limitations*

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On March 9, 2005, petitioner was sentenced to 15 years to life. (Respondent's Lodged Document No. 1.) Petitioner did not appeal his conviction. Petitioner's conviction became final sixty days later when the time for filing a direct appeal expired, i.e. on May 8, 2005. <u>See</u> Cal. Rule of Court 8.308(a) (former Rule 30.1). The statute of limitations began running the

following day, i.e. on May 9, 2005.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Petitioner had one year from that date to file a timely federal habeas corpus petition, i.e., until May 8, 2006.  The instant action is not timely unless petitioner is entitled to statutory or equitable tolling.

The period of limitation is tolled while a "properly filed" application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d)(2).  In the instant case, petitioner is not entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) because he did not file any state habeas petitions within the limitations period.  Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); (see respondent's Lodged Documents Nos. 2, 4, 6.)

In the opposition, petitioner suggests that he is entitled to equitable tolling based on his ignorance of the law.  As noted by respondent in the reply, lack of knowledge and ignorance of the law do not justify equitable tolling.  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).  For these reasons, the undersigned finds that the instant action is barred by the statute of limitations.

In his opposition, petitioner raises two arguments that the statute of limitations should run from dates other than when his conviction became final.  These arguments are addressed herein.

Petitioner first argues that federal courts have ruled that criminal defendants have a constitutional right to enforce their "contracts," i.e., plea agreements, anytime.  The undersigned is aware of no authority standing for this particular proposition.

In the reply to the opposition, respondent reasonably construes petitioner's opposition to also argue that the statute of limitations should run from when he allegedly learned that he was not getting out of prison after serving 7 ½ years and that he received an indeterminate sentence.  Title 28 U.S.C. § 2244(d)(1)(D) provides that, in certain cases, the limitations period shall run from "the date on which the factual predicate of the claims or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. §

2244(d)(1)(D). For the following reasons, the undersigned rejects petitioner's argument that the statute of limitations should be calculated pursuant to 28 U.S.C. § 2244(d)(1)(D).

In the reply, respondent argues that the factual predicate of petitioner's claims were made known to him at the change of plea and sentencing hearings held in 2005. At the change of plea hearing, the trial court advised petitioner that he was being sentenced to 15 years to life:

> Court: Specifically, you understand that the consequence of your plea is that a sentence as prescribed by law will be 15 years to life?
>
> Petitioner: Yes, Your Honor.
>
> Court: That as part of that you will be entitled to actual time credits against it but not conduct credits so it will be 15 years less any actual days that you have spent in custody before you are first eligible for parole. Do you understand that?
>
> Petitioner: Yes, Your Honor.

(Dkt. No. 1 at 46-47.)

At the sentencing hearing, the trial court again advised petitioner of his sentence:

> Court: It is the judgment of this Court based on the stipulated disposition in this case that probation is denied. For violation of Penal Code Section 197 as charged in Count One of the complaint, murder in the second degree, the defendant is hereby sentenced to the term prescribed by law which is 15 years to life.
>
> To be given credit to the defendant is 540 days of actual time. The defendant is to pay a $10,000 restitution fine under Penal Code Section 1202.4(b), and an additional restitution fine of $10,000 under Penal Code Section 1202.45.
>
> Finally, Mr. Fernandez, as part of this judgment and sentence it is my duty to inform you that you may be released on parole at such time as the Board of Prison Terms determines that it is appropriate. It will not be sooner than 25 years, and it may be nothing at all or to life. In the event parole is granted, it will be for a period of life. The defendant is remanded to the custody of the sheriff to be delivered to the Department of Corrections upon preparation of the abstract. As to defendant –
>
> Petitioner's Counsel: Excuse me, Your Honor. Did you say 25? It's 15 to life.

Court: I'm sorry - 15 to life.  I misspoke.

(Id. at 55.)

At the sentencing hearing, the trial court specifically advised petitioner that he was being sentenced to an indeterminate sentence and may not ever be released on parole.  Based on these advisements from the trial court, respondent argues that petitioner was made aware of the factual predicate of his claims in 2005, i.e., that he was *not* sentenced to a determinate 15 year term that he might be released from after serving 7 ½ years.

In support of his argument that petitioner was aware of the factual predicate of his claim following the 2005 change of plea and sentencing hearings, respondent cites Bustamonte v. Adams, 2009 WL 2390610 (E.D. Cal. 2009).  In Bustamonte, the petitioner challenged his guilty plea to second degree murder on the grounds that he received improper advice from trial counsel and the trial court regarding the sentence.  Petitioner argued that although he was sentenced to 19 years to life, at no time did his counsel advise him that he would be imprisoned for the rest of his life.  2009 WL 2390610 at * 3.  Petitioner also argued that his attorney told him that if he plead guilty, he would be paroled at the age of 31.  Id.  Petitioner argued that he did not learn until his 2007 parole suitability hearing that he could spend the rest of his life in prison pursuant to his conviction.  Id.

In Bustamonte, the district court rejected petitioner's argument that the statute of limitations began to run 12 years after his conviction when he allegedly first discovered the impact of his guilty plea.  Id. at 4.  The district court found that petitioner was aware of the factual predicate of his claims at sentencing.  (Id.)  The district court observed that at sentencing, petitioner was aware that his counsel had advised him to plead guilty and that he was being sentenced to 19 years to life.  (Id.)  The district court further found,

> Petitioner's allegation that his counsel had also predicted that he would be released at the age of 31 and that petitioner never realized that his 19 years to life term was an indeterminate prison sentence demonstrates at most a misunderstanding by petitioner about the legal significance of his sentence.  It is not the discovery of a

5

1 factual predicate for an ineffective assistance of counsel claim.
2 Id.
3 In contrast to Bustamonte, the undersigned has found three district court cases
4 holding that, in cases alleging breach of plea agreements, the statute of limitations began to run
5 pursuant to 28 U.S.C. § 2244(d)(1)(D) when the petitioner was incarcerated beyond the allegedly
6 promised release date:  Grant v. Salazar, 2009 WL 2566947 (C.D. Cal. 2009), Murphy v.
7 Espinoza, 401 F.Supp.2d 1048, 1052 (C.D. Cal. 2005), and Caldwell v. Sisto, 2007 WL 4940290
8 (C.D. Cal. 2007).
9 In Caldwell, supra, the district court found that where the petitioner claimed that
10 his plea was made in exchange for the guarantee of parole after serving no more than 11 years,
11 the factual predicate of the breach of the plea bargain could not have been discovered through
12 due diligence until the petitioner served 11 years and had still not been released on parole.
13 Caldwell, 2007 WL 4940290 at * 6.  In Grant, supra, the district court stated that when an inmate
14 asserts that the California Board of Parole Hearings ("BPH") breached his plea agreement by
15 continuing to incarcerate him beyond a promised release date, the petitioner should be aware of
16 the factual predicate of the claim no later than the date he believes his sentence should have
17 expired.  Grant, 2009 WL 2566947 at * 11.  Finally, in Murphy, supra, the district court also
18 found that a petitioner alleging that the BPH breached his plea agreement by continuing to
19 incarcerate him beyond his date should have been aware of the factual predicate of his claim no
20 later than the date he believed his sentence should have expired.  401 F.Supp.2d at 1052.
21 After reviewing these cases, the undersigned finds the reasoning of the district
22 court in Bustamonte to be persuasive.  In the instant case, in 2005 the trial court clearly advised
23 petitioner at the sentencing hearing that he would not be released on parole before serving 15
24 years, and that he may never be released on parole.  Based on these circumstances, the
25 undersigned finds that petitioner was aware of the factual predicate of his claim in 2005.   As in
26 Bustamonte, the record demonstrates at most a misunderstanding by petitioner about the legal

significance of his sentence.

Even if the undersigned adopted the reasoning of the district courts in Grant, Murphy and Caldwell, the instant petition is still not timely because petitioner does not identify *when* he learned that he was not earning the time credits which allegedly entitled him to release after 7 ½ years. Petitioner also does not identify *when* he learned that he was serving an indeterminate sentence rather than a determinate sentence of 15 years. In the petition, petitioner alleges that he "learned in prison" that he would not receive the credits that would result in his release in 7 ½ years, but he does not allege when this understanding occurred. (Dkt. No. 1 at 9.) Petitioner also alleges that he learned at a prison administration hearing that he may never be paroled. (Id. at 21.) Petitioner does not identify when this hearing occurred.

"[T]he petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)." DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006); Majoy v. Roe, 296 F.3d 770, 776 n. 3 (9th Cir. 2002) (habeas petitioner failed to make adequate showing of due diligence as required by § 2244(d)(1)(D)); Redmond v. Jackson, 295 F.Supp.2d 767, 772 (E.D. Mich. 2003) (unsupported and conclusory arguments are insufficient to warrant application of § 2244(d)(1)(D)); Frazier v. Rogerson, 248 F.Supp.2d 825, 834 (N.D. Iowa 2003) ("Frazier never identifies when or how he discovered his 'new evidence,' and his contention that he could not have discovered it sooner with due diligence is unsupported and conclusory."). Even were the undersigned to adopt the reasoning of the district courts in Grant, Murphy and Caldwell, the instant action is not timely because petitioner failed to meet his burden of showing due diligence pursuant to 28 U.S.C. § 2244(d)(1)(D).

For the reasons discussed above, the instant action is barred by the statute of limitations.

////

////

*Jurisdiction*

Finally, the undersigned notes that he has considered the issue of standing.

"The federal courts are under an independent obligation to examine their own jurisdiction...." United States v. Hayes, 515 U.S. 737, 742 (1995). The doctrine of standing is comprised of both Article III requirements and prudential considerations. LaDuke v. Nelson, 762 F.2d 1318, 1323 (9th Cir. 1985), am. 796 F.2d 309 (9th Cir. 1986). Standing generally requires a showing of three elements: 1) injury in fact where plaintiff/petitioner has suffered actual loss, damage, or injury, or is threatened with impairment of interests; 2) causal connection between the injury and the conduct complained of; and 3) likelihood that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

To confer standing, the threat of future injury must be credible rather than remote or hypothetical. Nelsen v. King County, 895 F.2d 1248, 1250 (9th Cir. 1990). Petitioner must show a very significant possibility that the future harm will ensue. Id.

According to petitioner, in March 2011 he served 7 ½ years of his sentence. (Dkt. 1 at 19.) Under these circumstances, petitioner has standing to raise his claim that he did not receive the time credits he alleges were promised when he plead guilty. However, petitioner has not yet served the maximum determinate sentence of 15 years he claims was promised pursuant to his plea agreement. Nevertheless, because petitioner did not receive the promised time credits, the undersigned finds that petitioner has standing to raise his claims alleging breach of his both aspects of his plea agreement, i.e. time credits and determinate sentence. In other words, petitioner does not have to wait until he is held in prison until after 15 years to raise the instant claims. Petitioner has standing because if his claim were meritorious, the future injury of being imprisoned pursuant to an indeterminate rather than an indeterminate sentence is a significant possibility.[1]

---

[1] Were the undersigned to find that petitioner lacked standing to raise the claim challenging imposition of the indeterminate sentence, then this claim would not be barred by the

8

Accordingly, for the reasons discussed above, IT IS HEREBY ORDERED that respondent's motion to dismiss (Dkt. No. 9) is granted.

DATED: April 30, 2012

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

fer2760.mtd

---

statute of limitations. Instead, the undersigned would advise petitioner to raise this claim after he is held in prison for more than 15 years.